IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE BLASSENGALE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 11-3006 |

M E M O R A N D U M

O'NEILL, J.                                    NOVEMBER  8  , 2011

Plaintiff, an inmate, has filed a pro se civil rights action, in which he is alleging that he is the victim of a false arrest and a malicious prosecution, and that he has been illegally confined. For the following reasons, all of plaintiff's claims, except the claims against U.S. Agent Janice Fedarcyke, F.B.I. Agent Brian Pacchioli, Mr. B. Korn and Officer Drexel Reid, Jr., will be dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff's claims may proceed against defendants Fedarcyke, Pacchioli, Korn and Reid because plaintiff alleges that law enforcement officers falsely arrested and imprisoned him, and that the charges against him were later dismissed in the United States District Court for the Eastern District of Pennsylvania.

The Supreme Court has held that prosecutors enjoy absolute immunity from liability for money damages under § 1983 for any actions taken within the scope of their duties as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). There is nothing in this complaint that suggests that U.S. Attorney Michael L. Levy, U.S. Attorney Zane D. Memger, U.S. Attorney J. Wzorek or City of Philadelphia District Attorney Seth Williams acted

outside the scope of their prosecutorial duties. Therefore, the claims against them will be dismissed.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that State Farm Insurance, Dr. Stephen Rios, Rios Chiropractic Center, Met Life, Cambridge, State Farm, All State, Safe Auto, AIG, Liberty Mutual, Progressive, Rutgers, Nationwide, Erie, Proformance, USAA, David Eckroth, Matthew Dobrowski, Willie Manley, Steve Evans, Rob Carlow, Ben Opperman, Tim Handren, Robert Tropila, Jerry Bakanowsky, Michael K. Farrell, Chris Borden, Nachum Stein, Philadelphia Daily News, Michael Hinkleman, Philly Online, LLC or Mark J. Frisby are state actors. Accordingly, the claims against these defendants will also be dismissed.

Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint. Therefore, the claims against the City of Philadelphia will be dismissed.

Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. United States v. Mitchell, 445 U.S. 535 (1980); United v. Testan, 424 U.S. 392 (1976). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver. Jaffee v. United States, 592 F.2d 712 (3d

Cir.), cert. denied, 441 U.S. 961 (1979). Therefore, the claims against FBI Gov. U.S. Dept. of Justice Web Site Incorp. and Syst. of the Fed. Detention Center will be dismissed.

Finally, plaintiff's claims against the defendants identified in his complaint as John Doe and Jane Doe F.B.I. Agents and Jane and John Doe Agents of the Insurance Fraud Unit of the City of Philadelphia and John and Jane Doe Philadelphia City Police Officer/Agents are dismissed without prejudice to their reassertion if, and when, plaintiff can amend his complaint to identify, with adequate specificity, such defendants and the manner in which each defendant violated his constitutional rights.