IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE BLASSENGALE | : | CIVIL ACTION |
|  | : | NO. 11-3006 |
| v. | : |  |
|  | : |  |
| CITY OF PHILADELPHIA, et al. | : |  |

O'NEILL, J.                                                                                    SEPTEMBER   19  , 2012

## **MEMORANDUM**

Now before me is a Motion to Intervene filed by nonparty Anthony Gaines, proceeding *pro se*, to which no response has been filed. For the reasons that follow, I will deny the motion.

Rule 24 of the Federal Rules of Civil Procedure provides for intervention under several circumstances. First, on timely motion, a court must permit anyone to intervene who either: is given an unconditional right to intervene by federal statute[1]; or claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may impair the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(1-2); see also Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998) (interpreting Rule 24(a)(2) to require proof of four elements from the applicant seeking intervention as of right: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation). If unable to satisfy these requirements, a proposed intervenor may instead petition for permissive

---

[1] Mr. Gaines claims an unconditional right to intervene under Rule 24(a)(1) as conferred by the Preamble of the U.S. Constitution. See Dkt. No. 29, at ECF p. 2. The Preamble confers no such unconditional right to intervene.

intervention under Rule 24(b).  Such a motion requires either: that the nonparty is given a conditional right to intervene by a federal statute[2]; or that the nonparty demonstrates a sufficient commonality of law or facts between their own claim and the main action to justify intervention. Fed. R. Civ. P. 24(b)(1-2).  Rule 24 requires that all motions for intervention state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c).  Mr. Gaines, however, claims no interest in this litigation, and asserts no claim that shares a common question of law or fact with Mr. Blassengale's claims.  Rather, Mr. Gaines states that he is "not requesting anything for myself [sic] or any party of the civil action." See Dkt. No. 29, at ECF p. 1.  Absent any interest in this litigation, Mr. Gaines's intervention in the proceeding as a party is not appropriate.

In his motion, Mr. Gaines appears to ask that the Court reconsider its December 14, 2011 Order denying Mr. Blassengale's request for the appointment of counsel.  Mr. Gaines contends that Mr. Blassengale is "currently under psychological care and is under the influence of proscribed [sic] medication." Id. at ECF 2-3.  When confronted with verifiable evidence from a mental health professional of an unrepresented litigant's incompetence, a district court has an obligation, pursuant to Rule 17[3], to inquire into the litigant's competency.  Powell v. Symons, 680 F.3d 301, 310 (3d Cir. 2012).  But Mr. Gaines does not identify himself as a mental health professional, and the assertions in his motion, without more, do not demonstrate that Mr. Blassengale is incompetent to pursue this litigation or require that he be appointed counsel.

An appropriate Order follows.

---

[2] The Preamble of the U.S. Constitution does not confer a conditional right to intervene upon Mr. Gaines.

[3] A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c).